FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 18 2018 ★
BROOKLYN OFFICE

KUNTZ, J.
TISCIONE, M.J.

CV 18- 4100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THE CITY OF NEW YORK,

    Defendant.

**COMPLAINT**

Civil Action No.
CV-18-

The United States of America, by its attorney, Richard P. Donoghue, United States Attorney for the Eastern District of New York, John Vagelatos and Michael J. Goldberger, Assistant United States Attorneys, of counsel, alleges for its Complaint as follows:

## **INTRODUCTION**

1. This action is brought on behalf of the United States of America to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII").

2. Since 1968, defendant City of New York has allowed certain City employees the option, upon obtaining twenty-five (25) years of service, of retiring beginning at the age of fifty (50) years old if the employees worked in City occupational titles deemed "Physically Taxing." The City of New York denied that option to City-employed registered nurses and midwives, physically strenuous occupations predominantly held by women.

3. As a result, as more fully set forth below, defendant City of New York discriminated against the class of City-employed registered nurses and midwives (hereafter, "Nurses") in the terms, conditions, and privileges of employment, including retirement benefits, on the basis of sex, compared to similarly situated occupational titles in violation of Title VII.

## JURISDICTION

4. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 2000e-6(b), 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1345.

## THE PARTIES

5. Plaintiff United States of America is the sovereign and body politic.

6. Defendant City of New York is a municipal government and political subdivision created pursuant to the laws of the State of New York and is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant City of New York employs approximately forty thousand Nurses, of whom the vast majority are women.

8. Defendant City of New York is responsible for establishing the terms, conditions, privileges, and other practices which bear upon its employment of Nurses, including Nurses' retirement plans and other associated fringe benefits.

## FACTS

### A. The Physically Taxing List Allows Retirement At Age 50.

9. Most New York City employees are covered by the New York City Employee Retirement System ("NYCERS") pension plans.

10. As a general matter, the earliest age most City employees can retire and collect a pension without penalties is when they reach age fifty-five (55) and the requisite years of service.

11. Nonetheless, since 1968, the City of New York has allowed certain employees the option of retiring without penalties as early as age fifty (50), if the employees had worked for twenty-five (25) years in certain City-defined occupational titles deemed "Physically Taxing." *See generally* NYC Admin. Code § 13-162.

2

12. City of New York regulations define "Physically Taxing" positions as positions that "by reason of their duties, as established pursuant to law, require heavy duty and extraordinary physical effort." NYC Admin. Code § 13-162(l)(2).

13. In order for an occupational title to be recognized as "Physically Taxing," the position must be included on the Official List of Physically Taxing Positions (the "Physically Taxing List" or the "List"). NYC Admin. Code § 13-162(l)(1).

14. In short, if an occupational title is not included on the Physically Taxing List, City employees in that title cannot claim full retirement benefits at the age of fifty (50), and must wait until the minimum ages of fifty-five (55) or fifty-seven (57) depending on their date of hire and pension plan.

15. The City Commissioner of Labor Relations issued the original Physically Taxing List in 1968.

16. The original List recognized approximately 177 occupational titles as Physically Taxing, including Able Seaman, Auto Mechanic, Foreman, Plumber and Horseshoer. The City has amended the Physically Taxing List several times to add occupational titles. *See e.g.,* Order Amending The Official List of Physically Taxing Positions dated December 28, 1976 (adding the occupational titles of Foreman for Highway and Sewer Maintenance, and Superintendent of Sewer Service); Order Amending The Official List of Physically Taxing Positions dated January 17, 1977 (adding the occupational titles of Highway Repairer and Foreman Highway Repairer). The most recent amendment was in 1995. The Physically Taxing List currently includes over 380 occupational titles, including Captain (Ferry), Chauffeur-Attendant, Crane Operator, Exterminator, Emergency Medical Specialist – EMT, Furniture Maintainer, Motor Vehicle Dispatcher, Principal Mortuary Caretaker, and Window Cleaner.

17. All of the current occupational titles on the List are predominantly held by men.

**B.   The Nursing and Midwife Professions Are Predominantly Female.**

18. The field of nursing has been, and remains, predominantly female.

19. In 2013, the U.S. Department of Labor reported that 90% of registered nurses were women. *See* United States Department of Labor, Women's Bureau, 30 Leading Occupations of Employed Women, 2013 Annual Averages, https://www.dol.gov/wb/stats/leadoccupations.htm.

20. Nursing involves the performance of duties that require heavy physical exertion, as well as a tremendous amount of physical effort, on a daily basis.

21. Nurses' daily physical responsibilities include lifting, moving, turning, transferring, supporting and restraining patients, many of whom are heavy, sometimes mentally ill or intoxicated, and even combative. The majority of a nurse's workday involves walking or standing. Moreover, nurses are vulnerable to workplace violence, in particular, physical assault from patients or patient family members.

22. The physical nature of performing nursing duties substantially increases the risk of back injuries. Nurses suffer a disproportionate number of musculoskeletal disorders during their careers, stemming from the cumulative effect of repeated manual handling of patients.

23. More than half of nurses complain of chronic back pain and 38% of nurses sustain significant back injuries that require leave from work.

**C.   The City of New York Refused To Add Registered Nurse and Midwife Occupational Titles To The Physically Taxing List.**

24. The New York State Nurses Association ("NYSNA") is a labor union representing City-employed Nurses. NYSNA's membership is predominantly female.

25. Since at least March 10, 2004, NYSNA has requested that the City add Nurses' occupational titles to the Physically Taxing List and provide its qualifying members the option of retiring as early as the age 50.

26. On March 29, 2004, the City rejected NYSNA's 2004 request that Nurses' occupational titles be added to the Physically Taxing List.

27. NYSNA repeated its request on September 26, 2006. The City again denied NYSNA's request.

28. NYSNA repeated its request on January 4, 2008. The City again denied NYSNA's requests.

### D. The Equal Employment Opportunity Commission Found Reasonable Cause To Believe That The City Of New York Discriminated Against City-Employed Nurses.

29. On or about August 6, 2008, NYSNA and certain of its members (the "Charging Parties") filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on behalf of all similarly situated City-employed Nurses. The Charging Parties alleged that the City discriminated against them on the basis of sex when it (1) failed to include registered nurse and midwife occupational titles on the Physically Taxing List when the List was created, and (2) when it failed to add registered nurse and midwife occupational titles to the Physically Taxing List when NYSNA made its requests in 2004, 2006 and 2008.

30. On July 19, 2010, the EEOC determined that there was reason to believe that the City violated Title VII when it failed to recognize the physically taxing nature of work performed by nurses and midwives, both in the original promulgation of the Physically Taxing List in 1968, and by the City's continued refusal to add nurses and midwives to the List.

# THE UNITED STATES' PATTERN OR PRACTICE
## CLAIM PURSUANT TO § 707 OF TITLE VII

31. Plaintiff United States of America realleges Paragraphs 1 through 30, *supra*, as if fully set forth herein.

32. In accordance with Section 707 of Title VII, 42 U.S.C. § 2000e-6, the United States of America, through the Department of Justice, has conducted an investigation of the policies and practices of defendant City of New York with respect to the terms, conditions, and privileges of women employed in registered nurse and midwife occupational titles, has notified defendant City of New York of that investigation, and has notified defendant City of New York of the United States' determination that the policies and practice described in Paragraphs 1 through 30, *supra*, are unlawful.

33. Defendant City of New York has pursued policies and practices that discriminate against women employed as Nurses with regard to compensation and conditions of employment, including the terms, conditions, and privileges associated with fringe benefits, including retirement benefits, in violation of 42 U.S.C. § 2000e-2(a)(1).

34. Defendant City of New York has implemented these policies and practices, among other ways, by:

   a. failing or refusing to include registered nurse and midwife occupational titles on the Physically Taxing List when it was originally formulated in 1968;

   b. failing or refusing to add registered nurse and midwife occupational titles to the Physically Taxing List during subsequent amendments, including but not limited to 1976, 1977, and 1995;

   c. failing or refusing to add registered nurse and midwife occupational titles to the Physically Taxing List when requested by NYSNA;

6

d. failing or refusing to take appropriate action to correct the present effects of its discriminatory policies and practices; and

e. failing or refusing to "make whole" those Nurses who have been harmed by its discriminatory policies and practices.

35. The policies and practices of defendant City of New York described in Paragraphs 1 through 30, *supra*, constitute a pattern or practice of discrimination with regard to City-employed Nurses with respect to their compensation and the terms, conditions, and privileges of employment, because of their sex, in violation of Section 707 of Title VII, 42 U.S.C. § 2000e-2(a)(1).

## CONCLUSION

WHEREFORE, plaintiff United States of America respectfully requests an order enjoining defendant City of New York, its officers, agents, employees, successors and all persons in active concert or participation with them, from engaging in discriminatory employment practices against women on the basis of sex, and specifically from:

   a. failing or refusing to add registered nurse and midwife occupational titles to the Physically Taxing List;

   b. failing or refusing to take appropriate action to correct the effects of its discriminatory policies and practices;

   c. failing or refusing to "make whole" Nurses who have been harmed by its discriminatory policies and practices; and

   d. such additional relief as justice may require, together with costs and disbursements in this action.

Dated: July 18, 2018
Brooklyn, New York

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____
John Vagelatos
Michael J. Goldberger
Assistant U.S. Attorneys
271-A Cadman Plaza East
Brooklyn, New York 11201
Telephone: (718) 254-7000
Facsimile: (718) 254-7489